## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GEORGE JURICH,

                Plaintiff,              Case Number: 2:13-12544

v.                             HONORABLE VICTORIA A. ROBERTS

HERMAN C. CAMPBELL,

                Defendant.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO REINSTATE COMPLAINT AND DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915A

Michigan state prisoner George Jurich filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleged that defendant, Herman C. Campbell, while serving as a Judge for Macomb County District Court, presided over a portion of Plaintiff's state criminal trial proceedings, despite lacking subject-matter jurisdiction. Plaintiff sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). The Court denied Plaintiff leave to proceed *in forma pauperis* because Plaintiff previously filed three civil rights complaints which were dismissed as frivolous or for failure to state a claim upon which relief may be granted and dismissed the complaint without prejudice to Plaintiff filing a new complaint with payment of the filing fee. *See* 28 U.S.C. § 1915(g). After the Court dismissed the complaint, Plaintiff paid the filing fee in this action and, upon realizing that this did not automatically reopen this proceeding, filed the pending Motion to Reinstate Complaint.

The Court dismissed the complaint without prejudice to Plaintiff filing a new complaint with payment of the filing fee.  Because Plaintiff has now paid the filing fee in full, the Court grants Plaintiff's motion to reinstate the complaint.  The Court must now review the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, which requires the Court to screen complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  Under 28 U.S.C. § 1915A(b), courts must dismiss any portion of the complaint that is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against from a defendant who is immune from such relief.

In his complaint and in his motion to amend his complaint, Plaintiff claims that the defendant, the state court judge who signed his arrest warrant and conducted his preliminary examination, failed to properly execute and file his Oath of Office.  Plaintiff argues that the defendant therefore did not have subject-matter jurisdiction to adjudicate his criminal proceedings.  Plaintiff further argues that absolute judicial immunity does not apply because defendant's actions were non-judicial, and that his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because no habeas remedy is available.

The Court finds that judicial immunity bars Plaintiff's claims.  Judges are absolutely immune from civil rights suits when acting in a judicial capacity unless they act in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Whether an action is "judicial" depends on the "'nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,'" and "'the expectations of the

2

parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* at 13, *quoting Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12.  Judge Campbell's signing of the arrest warrant, presiding over the preliminary examination, and binding Plaintiff over for trial are clearly acts normally performed by a judge.

Plaintiff argues vaguely that Judge Campbell was acting outside his jurisdiction because he did not properly file an oath of office.  Under Mich. Comp. Laws § 168.420, "[e]very person elected to the office of judge of the circuit court, before entering upon the duties of his office, shall take and subscribe to the oath as provided in section 1 of article 11 of the state constitution, and file the same with the secretary of state and a copy with each county clerk in his circuit."  But, the failure of a judge to demonstrate that he or she has taken an oath of office does not divest a court of subject-matter jurisdiction.  *United States v. Conces*, 507 F.3d 1028, 1041 n.13 (6th Cir. 2007) (debunking as "urban legend" the idea that litigants can challenge a court's jurisdiction by attacking the sufficiency of a judge's oath of office);  *Donkers v. Livonia Police Dept.*, No. 262348, 2005 WL 3239468 (Mich. Ct. App. Dec.1, 2005) ("Filing of the oath is a procedural requirement, the failure to comply with [the requirement], standing alone, does not serve to void a judge's authority to serve.");  *see also Abbott v. Smolenski*, No. 13-cv-655, 2013 WL 3806654, *2

3

(W.D. Mich. July 22, 2013) ("Although Plaintiff alleges that Defendant lacked

jurisdiction because she failed to complete her Oath of Office, . . . that alleged failure did

not deprive her of jurisdiction, because of the *de facto* officer doctrine. Accordingly,

Defendant is absolutely immune from liability"). Similarly, a public official's failure to

take a required oath of office does not abrogate immunity to which the official is

otherwise entitled. *See Conklin v. Anthou*, 495 F. App'x 257, 264 (3d Cir. 2012).

Plaintiff's claims are also barred by the favorable-termination requirement set forth

in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner

may not file a § 1983 suit for damages or equitable relief challenging his conviction or

sentence if a ruling on the claim would render the conviction or sentence invalid, until

and unless the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal, or called into question by a federal

court's issuance of a writ of habeas corpus. *Id.* at 486–87; *Wilkinson v. Dotson*, 544 U.S.

74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior

invalidation)– no matter the relief sought (damages or equitable relief), no matter the

target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings) – if success in that action would necessarily demonstrate the invalidity of

confinement or its duration."). Plaintiff's claim that the state court lacked jurisdiction

over his criminal proceeding would imply the invalidity of his criminal conviction. His

claim is therefore barred by *Heck*. *See Waterfield v. Laboda*, 518 F. App'x 667, 668

(11th Cir. 2013) (holding that a claim that a state court lacked jurisdiction over criminal

trial was barred by *Heck* because a finding in plaintiff's favor would necessarily imply the invalidity of criminal conviction); *Xenos v. Hawbecker*, 441 F. App'x 128, 132 (3d Cir. 2011) (same).

Plaintiff argues that the favorable-determination requirement should be waived because habeas relief is not available to him. Plaintiff's habeas petition was denied because it was not timely filed. *Jurich v. McLemore,* No. 02-70074 (E.D. Mich. July 25, 2002). *Heck's* favorable-termination requirement may be waived if a plaintiff "was precluded 'as a matter of law' from seeking habeas redress." *See Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 601 (6th Cir. 2007). For example, where a plaintiff's prison term is so short that it is impossible for the plaintiff to seek habeas relief because he does not satisfy the habeas statute's "in custody requirement," the plaintiff is entitled to an exception to *Heck's* favorable-termination requirement. *Id.* The requirement is not waived when habeas relief is unavailable because a plaintiff failed to timely pursue habeas remedies. *Id.* (holding that the favorable-termination requirement is not waived when "the plaintiff could have sought and obtained habeas relief while in prison but failed to do so). *See also Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (holding that the plaintiff could not "now use his failure timely to pursue habeas remedies as a shield against the implications of *Heck*"). Thus, Plaintiff's claims are barred by *Heck.*

The Court grants Plaintiff's Motion to Reinstate Complaint [dkt. # 7].

The Court dismisses the complaint under 28 U.S.C. § 1915A(b) because the

5

defendant is immune from suit and the claims are barred by *Heck v. Humphrey*.

     SO ORDERED.

                        S/Victoria A. Roberts
                        Victoria A. Roberts
                        United States District Judge

Dated:  January 13, 2014

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and George Jurich by electronic means or U.S. Mail on January 13, 2014. |
| S/Holly A. Monda for Carol A. Pinegar |
| Deputy Clerk |