# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GEORGE JURICH,

        Plaintiff,        Case Number: 2:13-12544

v.        HONORABLE VICTORIA A. ROBERTS

HERMAN C. CAMPBELL,

        Defendant.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Michigan state prisoner George Jurich filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleged that defendant, Herman C. Campbell, while serving as a Judge for Macomb County District Court, presided over a portion of Plaintiff's state criminal trial proceedings, despite lacking subject-matter jurisdiction. Plaintiff sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). The Court denied Plaintiff leave to proceed *in forma pauperis* and dismissed the complaint without prejudice to Plaintiff filing a new complaint with payment of the filing fee. *See* 28 U.S.C. § 1915(g). After the Court dismissed the complaint, Plaintiff paid the filing fee in this action and a Motion to Reinstate Complaint. The Court granted the motion. The Court then conducted an initial screening of Plaintiff's complaint as required by 28 U.S.C. § 1915A. The Court dismissed the complaint because Plaintiff failed to state a claim upon which relief could be granted under § 1983 for two reasons: (i) the only defendant, the

state court judge who handled pretrial matters, is immune from suit; and (ii) the claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Now before the Court is Petitioner's Motion for Reconsideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Petitioner argues that the Court erred in screening the complaint under § 1915A because he sued the defendant state court judge in his personal, rather than official, capacity. Section 1915A requires the Court to review "as soon as practicable . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 42 U.S.C. § 1915A(a). The provision does not limit screening to matters where a defendant is named in his official rather than personal capacity. Courts routinely screen prisoner civil rights complaints under § 1915A regardless of the capacity in which an official is named. *See Taylor v. United States*, 161 F. App'x 483 (6th Cir. 2005) (affirming district court's screening under § 1915A where defendants were sued in their official and personal capacities); *Polston v. Sapp*, No. 99-5512, 2000 WL 876763 (6th Cir. June 23, 2000) (same). Thus, Plaintiff's claim that the Court erred in screening the complaint under § 1915A is meritless.

Plaintiff's remaining arguments for reconsideration amount only to a disagreement

with the Court's decision. A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Plaintiff fails to demonstrate that the Court's decision was based upon a palpable defect by which the Court was misled.

The Court DENIES Plaintiff's Motion for Reconsideration [dkt. # 9].

**ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 21, 2014

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and George Jurich by electronic means or U.S. Mail on May 21, 2014.<br><br>s/Linda Vertriest<br>Deputy Clerk |